JS-6

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
SPECULATIVE PRODUCT DESIGN, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS, <br><br>Plaintiff,<br><br>v.<br><br>JJ SHOP NY, INC., a New York Corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: CV12-4633 CAS (SHx)<br><br>**PERMANENT INJUNCTION AGAINST DEFENDANT JJ SHOP NY, INC.** |

- 1 -
[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT JJ SHOP NY, INC.

The Court, pursuant to the Stipulation For Entry of Permanent Injunction ("Stipulation"), between Plaintiff SPECULATIVE PRODUCT DESIGN, LLC ("Plaintiff"), on the one hand, and Defendant JJ SHOP NY, INC. ("Defendant") on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at its direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which it may exercise control, are hereby restrained and enjoined, pursuant to 15 *U.S.C.* §1116 and 17 *U.S.C.* §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

    a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any Plaintiff's SPECK® trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's SPECK® trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

    b. performing or allowing others employed by or representing Defendant, or under its control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's SPECK® trademarks, and/or Plaintiff's business reputation or goodwill;

    c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

       d.    using any Internet domain name or website that includes any Plaintiff's trademarks, including the SPECK® marks.

2.    Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit SPECK® products and related products, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same, to the extent that any of these items are in Defendant's possession.

3.    This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court and shall terminate this action.

4.    The Court finds there is no just reason for delay in entering this Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Permanent Injunction against Defendant.

5.    Defendant will be making an agreed upon payment to Plaintiff, as more particularly described in a separate Confidential Settlement Agreement.

6.    **NO APPEALS AND CONTINUING JURISDICTION.**  No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal.  This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Permanent Injunction.

/ / /

/ / /

/ / /

1    7.    **NO FEES AND COSTS.**  Each party shall bear its own attorneys'
2  fees and costs incurred in this matter.

4    IT IS SO ORDERED, ADJUDICATED and DECREED this 23rd day of
5  July, 2012.

_____
HON. CHRISTINA A. SNYDER
United States District Judge for the Central
District of California